# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

| | |
|---|---|
| Dilson Goncalves<br><br>Plaintiff,<br><br>V.<br><br>Equifax Information Services, LLC.,<br><br>Defendant. | Civil No.<br><br><br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

This is a civil action brought by Plaintiff Dilson Goncalves against Defendant Equifax Information Services, LLC ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

Plaintiff, like millions of consumers, attempted to exercise his federal right to access his full credit file from Equifax through the official government-mandated website, www.annualcreditreport.com. What he received was not what the law guarantees.

He received a "summary" instead of a complete consumer disclosure. This incomplete report made it impossible to identify, understand, or dispute several harmful entries. As a result, Dilson suffered financial rejection, emotional distress, and ongoing confusion all because of Equifax's failure to provide what the FCRA unambiguously requires.

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.
2. Venue is proper under 28 U.S.C. § 1391(b) as the acts and omissions giving rise to this action occurred in this District, where Plaintiff resides.

## PARTIES

3. Plaintiff Dilson Goncalves is a natural person and resident of Massachusetts.
4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).
5. Defendant Equifax Information Services, LLC is a Georgia limited liability company and "consumer reporting agency" under 15 U.S.C. § 1681a(f), with headquarters at 1550 Peachtree Street NW, Atlanta, GA 30309.

## FACTUAL ALLEGATIONS

6. On or about August 03, 2025, Plaintiff submitted a request through www.annualcreditreport.com to obtain his Equifax credit file, as allowed under 15 U.S.C. § 1681g(a).
7. Equifax returned a digital "credit report," which lacked essential components, including:
   o Full account numbers
   o Historical payment data

- o   Internal subscriber codes
- o   Full furnishers' names and addresses

8. Due to this incompleteness, Plaintiff could not identify several derogatory items, including:

- o   A charge-off from a creditor listed as "CAPITAL ONE BANK USA NA" (partial number ending in 27**)
- o   A collection account with incomplete details, making dispute impossible

9. Plaintiff was denied financing for an auto loan. The adverse action letter specifically cited negative entries from Equifax. However, Plaintiff had not been able to see, understand, or dispute those items due to Equifax's deficient disclosure.

10. As a direct result, Plaintiff suffered:

- Anxiety and loss of sleep due to uncertainty about his creditworthiness
- Inability to resolve or dispute erroneous data
- Denial of a vehicle loan, disrupting his transportation to work
- Out-of-pocket costs for professional credit repair consultations

11. The Fair Credit Reporting Act, at 15 U.S.C. § 1681g(a)(1), mandates that CRAs provide "all information in the consumer's file" at the time of the request. This includes data provided to third parties.

12. Despite this statutory duty, Equifax withheld key account-level data that it retains internally and shares with creditors.

13. The Federal Trade Commission has long held that truncated data violates § 1681g(a). In an advisory letter dated June 30, 2000, the FTC made clear that a summary does not satisfy the statutory requirement.

14. Courts have also weighed in. In *Washington v. Equifax*, No. 3:19-cv-00154 (M.D. Tenn. 2019), the court reiterated that consumer disclosures must include all information in the file, not just edited or redacted versions.

15. Equifax's failure is not isolated. It is systemic, ongoing, and willful — done for cost-saving and to reduce the volume of disputes.

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT

**(Failure to Clearly and Accurately Disclose File Contents – 15 U.S.C. § 1681g(a))**

16. Plaintiff incorporates by reference the preceding paragraphs.

17. Equifax violated § 1681g(a)(1) by failing to provide Plaintiff with all information in his file.

18. This violation was willful, or at a minimum, negligent.

19. Plaintiff was harmed and is entitled to:

- Statutory damages under 15 U.S.C. § 1681n(a)(1)(A)
- Punitive damages under § 1681n(a)(2)
- Actual damages under § 1681o(a)(1)
- Costs and reasonable attorney's fees under §§ 1681n(a)(3) and 1681o(a)(2)

# UNITED STATES DISTRICT COURT OF THE MASSACHUSETTS

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court:

A. Award statutory damages of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

B. Award actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Award punitive damages under 15 U.S.C. § 1681n(a)(2);

D. Award costs and attorney's fees under §§ 1681n(a)(3) and/or 1681o(a)(2);

E. Grant such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

DATED: January 28, 2026

Respectfully submitted,

Dilson Goncalves

8 Eugenia St.

Randolph, MA 02368-1949

*Pro Se Plaintiff*